```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
```

```
------------------------------------
                                    :
   FRANCIS XAVIER MCGRAW,            :
                                    :
      Plaintiff,                     :   CIVIL NO. 13-4774(NLH)
                                    :
          v.                         :
                                    :          OPINION
   COMMISSIONER OF                   :
   SOCIAL SECURITY,                  :
                                    :
      Defendant.                     :
                                    :
------------------------------------
```

APPEARANCES:

RICHARD LOWELL FRANKEL
BROSS & FRANKEL, PA
102 BROWNING LANE, BLDG C-1
CHERRY HILL, NJ 08003
*Attorney for plaintiff*

VERNON NORWOOD
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
26 FEDERAL PLAZA
ROOM 3904
NEW YORK, NY 10278
*Attorney for defendant*

**HILLMAN, District Judge**

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review the final decision of the Commissioner of the Social Security Administration, denying Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income ("Social Security benefits") under Title II and Title XVI of the

Social Security Act. 42 U.S.C. § 401, et seq. The issue before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that there was substantial evidence that Plaintiff did not have a disability following his alleged onset date of disability. For the reasons stated below, the Court will affirm the ALJ's decision.

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, Francis Xavier McGraw, whose date of birth is January 9, 1959, was 48 years old at the onset of his disability and turned 50 on January 9, 2009. Plaintiff's date last insured for benefits was December 31, 2011. The Plaintiff is a high school graduate, with some additional training in electronics. The Plaintiff has past relevant work installing cable television and security systems. The Plaintiff suffers from ulcerative colitis and anxiety disorder.

Plaintiff protectively filed an application for Social Security disability benefits and Supplemental Security Income benefits, on February 19, 2010, alleging an onset date of disability beginning April 30, 2006, later amended at the Plaintiff's hearing to January 2, 2008. The claim was denied on September 29, 2010.

A Request for Reconsideration was timely submitted on December 7, 2010. The claim was denied again on February 1, 2011.

2

A written Request for Hearing before an Administrative Law Judge ("ALJ") was filed on March 14, 2011.  A hearing was held on February 27, 2012.

On March 5, 2012, the ALJ issued an unfavorable decision for both the Title II and the Title XVI claims.  Subsequently, Plaintiff filed a Request for Review of Hearing Decision with the Appeals Council on April 30, 2012.  The Appeals Council denied the request on June 4, 2013.

Plaintiff filed the present action seeking appeal of the ALJ's final decision.  Plaintiff argues that the ALJ erred in relying solely on unskilled sedentary jobs at Step Five, in assigning little weight to the opinion of Plaintiff's treating physician, Dr. Richard Simon, in failing to adequately evaluate the Plaintiff's ulcerative colitis, and in determining Plaintiff's alleged onset date.

## II. DISCUSSION

### A. Standard of Review

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for Disability Insurance Benefits.  <u>Ventura v. Shalala</u>, 55 F.3d 900, 901 (3d Cir. 1995).  A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence."  42 U.S.C. §§ 405(g),

1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Substantial evidence means more than "a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its totality. See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984). "[A] court must 'take into account whatever in the record fairly detracts from its weight.'" Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)). The Third Circuit has held that an "ALJ must review all pertinent medical

4

evidence and explain his conciliations and rejections." <u>Burnett v. Comm'r of Soc. Sec. Admin.</u>, 220 F.3d 112, 122 (3d Cir. 2000). Similarly, an ALJ must also consider and weigh all of the non-medical evidence before him. <u>Id.</u> (citing <u>Van Horn v. Schweiker</u>, 717 F.2d 871, 873 (3d Cir. 1983)); <u>Cotter v. Harris</u>, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

<u>Gober v. Matthews</u>, 574 F.2d 772, 776 (3d Cir. 1978).

Although an ALJ, as the fact finder, must consider and evaluate the medical evidence presented, <u>Fargnoli</u>, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," <u>Hur v. Barnhart</u>, 94 Fed. App'x. 130, 133 (3d Cir. 2004). In terms of judicial review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." <u>Williams</u>, 970 F.2d at 1182. However, apart from the substantial

5

evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by application of the proper legal standards. Sykes, 228 F.3d at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

**B.    Standard for Disability Insurance Benefits**

The Social Security Act defines "disability" for purposes of an entitlement to a period of disability and disability insurance benefits as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A).  Under this definition, a Plaintiff qualifies as disabled only if his physical or mental impairments are of such severity that he is not only unable to perform his past relevant work, but cannot, given his age, education, and work experience, engage in any other type of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  42 U.S.C. § 1382c(a)(3)(B)(emphasis added).

The Commissioner has promulgated regulations for

6

determining disability that require application of a five-step sequential analysis. See 20 C.F.R. § 404.1520. This five-step process is summarized as follows:

> 1. If the claimant currently is engaged in substantial gainful employment, he will be found "not disabled."
>
> 2. If the claimant does not suffer from a "severe impairment," he will be found "not disabled."
>
> 3. If the severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last for a continuous period of at least twelve months, the claimant will be found "disabled."
>
> 4. If the claimant retains a residual functional capacity ("RFC") to perform work he has done in the past ("past relevant work") despite the severe impairment, he will be found "not disabled."
>
> 5. Finally, the Commissioner will consider the claimant's ability to perform work ("residual functional capacity"), age, education, and past work experience to determine whether or not he is capable of performing other work which exists in the national economy. If he is incapable, he will be found "disabled." If he is capable, he will be found "not disabled."

20 C.F.R. § 404.1520(b)-(f). Entitlement to benefits is therefore dependent upon a finding that the claimant is incapable of performing work in the national economy.

This five-step process involves a shifting burden of proof. See Wallace v. Secretary of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983). In the first four steps of the analysis, the burden is on the claimant to prove every element of

7

his claim by a preponderance of the evidence.  See id.  In the final step, the Commissioner bears the burden of proving that work is available for the Plaintiff: "Once a claimant has proved that he is unable to perform his former job, the burden shifts to the Commissioner to prove that there is some other kind of substantial gainful employment he is able to perform."  Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

### C.  Analysis

#### 1. Step 5 Analysis

Plaintiff does not dispute the ALJ's findings at steps one through four of the sequential evaluation, that (1) he had not engaged in substantial gainful activity during the relevant period; (2) he had severe impairments; (3) his impairments did not meet or medically equal any listed impairments; or (4) that he is unable to perform any past relevant work.  Plaintiff takes issue with the ALJ's conclusions in step five.

The ALJ concluded that the plaintiff had the RFC to perform "medium" work, limited to lifting and carrying 50 pounds occasionally and 25 pounds frequently, sitting for six hours in an eight hour day; standing and walking for six hours in an eight hour day; limited to occasionally climbing ladders, ropes, and scaffolds, and needs to be close proximity to a restroom; and limited to jobs involving one-two step tasks.  The ALJ found that

jobs exist in siginificant numbers in the national economy that the plaintiff could perform.

Plaintiff argues that if he does not have any transferrable skills (or is limited to unskilled work, eliminating any potentially transferable skills), a limitation to sedentary occupations should have resulted in a finding of disability pursuant to Medical Vocational Rule 201.14.  Plaintiff states that Medical Vocational Rule 201.14 provides that, when an individual reaches age 50, is limited to sedentary work, is unable to perform his or her past relevant work, has a high school or equivalent education, and has skilled or semi-skilled past relevant work, in which the skills are not transferable, there is a finding of disability.

Specifically, Plaintiff argues that while the ALJ stated that he found the Plaintiff capable of a reduced range of "medium" work, the occupations identified by the vocational expert, and relied on by the ALJ were all "unskilled sedentary" occupations, such as telephone clerk, surveillance system monitor, and envelope addresser.  Plaintiff points to ALJ's requirement that he have close proximity to a bathroom, and the Vocational Expert's ("VE") testimony that this limitation would require "more of a[n] office or clerical type of occupation."

The Commissioner responds that when a claimant cannot perform the full range of work at a given exertional level due to

9

his non-exertional limitations, and such limitations do not significantly erode his occupational base, then the ALJ may use the Medical-Vocational Guidelines of Appendix 2 of 20 C.F.R. Part 404, Subpart P (the "Grids") as a framework for decision-making.[1] The Commissioner states that the VE opined that Plaintiff could perform jobs which exist in significant numbers in the national economy, and therefore, the ALJ properly determined that application of Grid Rule 203.29 as a framework for decision-making was appropriate since Plaintiff's occupational base was not significantly eroded by his impairments.

  Plaintiff states that the VE could not identify any medium or light jobs that met the ALJ's RFC (unskilled medium work with non-exertional limitation of close proximity to a bathroom). Therefore, Plaintiff argues since the VE could only identify sedentary or clerical jobs, then he is limited to unskilled sedentary work and must be found disabled as of age 50 according to the Grids.

  The Court finds that the Commissioner met her burden and that the ALJ properly concluded that Plaintiff has the RFC to perform medium work, and as a high school graduate who can

---

[1] The Grids contain a series of rules that direct a conclusion of either disabled or not disabled depending on the claimant's RFC and vocational factors. See Medical-Vocational Guidelines of Appendix 2 of 20 C.F.R. Part 404, Subpart P; Heckler v. Campbell, 461 U.S. 458, 461 (1983).

communicate in English, is not disabled. Rule 203.00(a) of Medical Vocational Guidelines, Appendix 2, which covers maximum sustained work capability limited to medium work states "[t]he functional capacity to perform medium work includes the functional capacity to perform sedentary, light, and medium work." Rule 203.00(a) further states that "[a]pproximately 2,500 separate sedentary, light, and medium occupations can be identified, each occupant representing numerous jobs in the national economy which do not require skills or previous experience and which can be performed after a short demonstration or within 30 days." Therefore, even if the jobs identified by the VE are considered sedentary, such jobs are within the purview of "medium" work. Whether or not Plaintiff's job skills are transferrable did not enter into the ALJ's analysis because whether they are transferrable or not, the Grids support a finding of not disabled. This is also true whether Plaintiff's age is in the "younger" category of 18—49 year olds, or the "closely approaching advanced age" category of 50-54 year olds. Therefore, the ALJ did not err in step five.

**2. Weight Assigned to Opinion of Richard Simon, D.O.**

The ALJ assigned little weight to Plaintiff's treating physician, Dr. Richard Simon, on grounds that it was not supported or based on any objective medical evidence or examination. Plaintiff argues that Dr. Simon's opinion is supported by the

11

doctor's own examination notes, the reports of Dr. Savon, Dr. Kapoor, and Dr. Desipio.  Plaintiff also argues that the ALJ failed to consider the factors set forth in 20 C.F.R. § 404.1527 in evaluating Dr. Simon's opinion, particularly, the length of treatment, frequency of examination, nature and extent of the treatment relationship, support of opinion afforded by medical evidence, consistency of opinion with the record as a whole, and specialization of the treating physician.

      The Commissioner argues that the ALJ did not err in assigning little weight to the opinion of Dr. Simon because he referenced no clinical findings and, instead, stated that his opinion was based on Plaintiff's "history only."  She further argues that Dr. Simon's opinion was inconsistent with the opinions of Dr. Jacknin because Dr. Simon assessed that Plaintiff needed to lie down for one to two hours of an eight-hour workday, while Dr. Jacknin assessed that Plaintiff could sit as well as stand/or walk for about six hours each.  She also argues Dr. Simon's opinion was inconsistent with Dr. Colon's assessment that Plaintiff had no physical limitations due to an impairment, or Drs. Wielczko and Sanford's assessment of no significant limitations in maintaining attention and concentration for extended periods, while Dr. Simon assessed that Plaintiff's condition would interfere with the attention and concentration needed to perform even simple work tasks.

It is settled law that "[t]reating physicians' reports should be accorded great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (citation and internal quotation marks omitted); See 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). However, an ALJ may reject a treating physician's opinion on the basis of contradictory medical evidence and "may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." Id.; Pachilis v. Barnhart, 268 F.Supp.2d 473, 483-84 (E.D.Pa. 2003) (finding that decision to reject treating physician's conclusion that plaintiff was disabled in light of other evidence in the record was appropriate); Alexander v. Shalala, 927 F. Supp. 785, 795 (D.N.J. 1995) (stating that "the opinions of non-examining physicians may override a treating source's opinions provided that the former are supported by evidence in the record.") (citations omitted). When there is a conflict between medical sources, "the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.'" Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (citing Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993)).

"[I]f the treating physician's opinion is not given controlling weight, the ALJ applies the factors listed in 20

C.F.R. § 404.1527[][2] to determine the appropriate weight to give a medical opinion." Russo v. Astrue, 421 Fed. App'x. 184, 190 (3d Cir. 2011); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) ("An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided.") (citing Newhouse v. Heckler, 753 F.2d 283, 286 (3d Cir. 1985)). The factors are: "(1) examining relationship; (2)(i) length of treatment relationship and frequency of examination; (2)(ii) nature and extent of the treatment relationship; (3) degree to which evidence supports the opinion; (4) consistency of the record as a whole; (5) specialization of the physician; and (6) other factors, such as any other information which would tend to support or contradict the medical opinion." Id.; see 20 C.F.R. § 404.1527(c)(1)-(6).

When asked to describe the clinical findings or objective signs which support Plaintiff's diagnosis of ulcerative colitis, Dr. Simon wrote on the Crohn's & Colitis Medical Source Statement (Ex. 13F) that his clinical findings were based on "history only." The Court finds no error in the ALJ relying on

---

2  The opinion in Russo listed the factor as appearing at 20 C.F.R. § 404.1527(d)(1)-(6). However, the current version lists the factors at 20 C.F.R. § 404.1527(c)(1)-(6).

14

the written notes by Dr. Simon and concluding that Dr. Simon's opinions are not based on objective medical evidence.  Further, the ALJ stated that Dr. Simon's report, along with Dr. Przybyla's report, were not "substantiated by any objective finding, study or laboratory test."  The ALJ further stated there was "no objective evidence or pulmonary function test to indicate chronic obstructive pulmonary disease (COPD) and the environmental, postural, and exertional limitations found by these doctors."  Further, the ALJ cited to exhibit 13F, the Crohn's & Colitis Medical Source Statement filled out by Dr. Simon, in which Dr. Simon wrote that he only treated Plaintiff for nine months.  There is also no evidence that Dr. Simon was a gastroenterologist or other type of IBD specialist.  Further, the ALJ noted that an impartial medical expert, Dr. Vilma Colon, affirmed that there was no objective evidence of colitis or any other disabling impairment.

   Thus, there is no error in the ALJ's assigning little weight to Dr. Simon's opinion on grounds that his opinion was not based on objective medical evidence.  See Laurie Sternberg v. Commissioner of Social Sec., 438 Fed. App'x. 89, 98 (3d Cir. 2011) (finding ALJ did not act improperly in affording opinion of treating physician "little or no weight" where there was objective medical evidence in the record that contradicted his opinion); Hudson v. Commissioner of Social Security, 93 Fed. App'x. 428, 431

15

(3d Cir. 2004) (finding ALJ did not err in assigning limited weight to opinions of Hudson's treating physicians in light of the objective medical evidence).

### 3. Additional Evidence

Plaintiff argues that the ALJ failed to consider medical evidence related to plaintiff's ulcerative colitis. Plaintiff cites to a report by Dr. Kapoor, gastroenterologist, dated December 2, 1998, that states that plaintiff had undergone a colonoscopy that showed active ulcerative colitis. He also cites to a report by Dr. Savon, gastroenterologist, dated October 31, 2005, that states plaintiff underwent a colonoscopy on September 30, 2005, contained findings consistent with idiopathic inflammatory bowel disease.

Plaintiff states that the report by Dr. Kapoor was faxed on February 28, 2012. The hearing was held on February 27, 2012 and, therefore, the report was not before the ALJ at the time of hearing. Plaintiff also submitted the 2005 report by Dr. Savon after the hearing and, therefore, it was not considered by the ALJ.

The evidence submitted by plaintiff after the hearing is not part of the ALJ's decision but would be additional evidence submitted to the Appeals Council. "[A]lthough evidence considered by the Appeals Council is part of the administrative record on appeal, it cannot be considered by the District Court in making

16

its substantial evidence review." Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001)  In Matthews, the Third Circuit found that the Social Security Act, and not the regulations, govern the standards for judicial review so that evidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence.  Id. (citing Jones v. Sullivan, 954 F.2d 125, 128 (3d Cir. 1991) (United States v. Carlo Bianchi & Co., 373 U.S. 709, 83 S.Ct. 1409, 10 L.Ed.2d 652 (1963)).  The Third Circuit explained,

> No statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review. No statutory provision authorizes the district court to make a decision on the substantial evidence standard based on the new and material evidence never presented to the ALJ. Instead, the Act gives the district court authority to remand the case to the Commissioner, but only if the claimant has shown good cause why such new and material evidence was not presented to the ALJ.

Id.

Therefore, even if new evidence was submitted to the Appeals Council but the Appeals Council denied review, the district court cannot consider it if it was not presented to the ALJ.  Here, the Appeals Council denied Plaintiff's request for review.  That decision is not reviewable.  Rather, the issue before this Court is whether the new evidence is material and, if so, whether plaintiff has presented good cause for not submitting

17

it to the ALJ.

Plaintiff has not presented any reason for why the reports were not presented to the ALJ prior to the hearing. Therefore, he has not shown good cause and the Court will not consider it. In addition the 1998 and 2005 reports pre-date the relevant time period and, therefore, are immaterial.

Plaintiff also argues that the ALJ failed to consider the reports of Dr. Joshua Desipio and Dr. Simon. The administrative record reveals that Dr. Desipio saw Plaintiff once in 2010 and confirmed a diagnosis of ulcerative colitis with increased bowel movements. Dr. Desipio also diagnosed him with liver function abnormalities which he attributed as "likely secondary to his alcohol consumption." Although the ALJ did not cite to this two page report from Desipio, failure to do so does not result in error by the ALJ. See Hur, 94 Fed. App'x. at 133 ("[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record"). Dr. Desipio's report states that Plaintiff had two colonoscopies in the past, and confirms Plaintiff's diagnosis of ulcerative colitis. The ALJ found Plaintiff's ulcerative colitis was a severe impairment. Therefore, consideration of Dr. Desipio's report would not result in a different decision by the ALJ concerning Plaintiff's impairment. Rather, despite the diagnosis of ulcerative colitis, the ALJ found that treatment of his condition had been "generally

successful in controlling those symptoms" and that the fact that "he has had this condition for the past 15 years while working full time makes the severity of allegations less than credible." Plaintiff points to nothing in Dr. Desipio's report that would change the ALJ's conclusions in this regard. Therefore, the failure to consider this report is harmless error. See Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005) (finding remand not required because it would not affect the outcome of the case).

With regard to Dr. Simon, the ALJ did consider his opinion but, as already discussed, gave Dr. Simon's opinion little weight because Dr. Simon had indicated on the Crohn's & Colitis Medical Source Statement that his opinion was based on history only. Therefore, failure of the ALJ to consider Dr. Simon's office notes is harmless error.

### 4. Onset Date

During the hearing, Plaintiff amended his onset date from April 30, 2006 to January 2, 2008. However, the ALJ's decision states that Plaintiff' onset date is April 30, 2006. Plaintiff argues that "[b]ecause the disability determination included a time period prior to the amended onset date when the Plaintiff did not contest that he was working at [substantial gainful activity] levels, and by interference was functioning at a higher level, it may very well have impacted the decision.

Plaintiff does not cite to any portion of the ALJ's

19

opinion in which the earlier onset date was a material factor in any of the ALJ's decision.  Also, Plaintiff has not indicated that there was any substantial change in his medical condition after January 2, 2008.  A review of the ALJ's decision does not reveal that the ALJ applied more weight to the time period prior to January 2, 2008 in formulating his decision.  Thus, simply concluding that it "may" have impacted the ALJ's decision is not grounds for remand.  See Miller v. Colvin, No. 3:12-1813, 2014 WL 2047903, at *7 (M.D.Pa. 2014) (finding ALJ's conclusions would be no different if he used the correct alleged onset date and consequently, remand was not warranted); Rodriguez v. Astrue, No. 10-3203, 2012 WL 5494659, at *13 (E.D.Pa. 2012) (finding that remand was not required where ALJ failed to mention osteopenia diagnosis because it would not affect the outcome of the case).

### III. CONCLUSION

For the reasons expressed above, the Court finds that the ALJ's decision is supported by substantial evidence.  Accordingly, the decision of the ALJ is affirmed.

An accompanying Order will be issued.


Date: September 29, 2014              Noel L. Hillman

At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.